## CHARLES E. DEAN *vs.* THERESA TOPPIN.

Berkshire. September 28, 1880; March 1. — April 9, 1881.

At the trial of a writ of entry to foreclose a mortgage of land, given to the demandant by a person who afterwards conveyed the premises to the tenant, who agreed to assume and pay the mortgage, the demandant, who was the only witness, testified that he brought an action on the mortgage note against the mortgagor, who settled the action by paying the demandant a certain sum on the note, which was not indorsed thereon; that there was no agreement whether it should be indorsed or not; and that the payment was made with the understanding and agreement that the demandant should foreclose the mortgage, and, if he collected the full amount of the note from the mortgage security, pay back the sum in question to the mortgagor. *Held*, that the question was one of fact whether the parties intended that the amount should go in part payment, or was to be applied in payment only in case the whole of the debt should not be obtained from the mortgaged property.

WRIT OF ENTRY to foreclose a mortgage of land in Sheffield. Plea, *nul disseisin.* Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The only question in issue was the amount which had been paid on the mortgage note. It appeared that the mortgage and note were given to the demandant on January 6, 1873, by Harvey Holcomb. About September 1, 1873, Holcomb conveyed the mortgaged premises to the tenant by warranty deed, in which the mortgage to the demandant was referred to as the only incumbrance on the premises, and the tenant agreed therein to assume and pay the same. The tenant paid the interest on the mortgage note annually until the principal became due in January 1878. The demandant and Holcomb were at this time both living in the State of Connecticut.

The demandant testified that, fearing he should not get his money out of the mortgage security, he sued Holcomb upon the mortgage note in Connecticut; that Holcomb settled that suit by paying the demandant on the note $668.95, with the understanding and agreement between them that the demandant should foreclose the mortgage, and, if he collected the full amount of the mortgage note from the mortgage security, he should pay back to Holcomb the sum above named; that this sum was not indorsed upon the mortgage note, but that there was no agreement between them either that it should or should not be indorsed; and that the demandant afterwards instituted the present action.   There was no other evidence on this point.

The tenant contended, that, as a matter of law, the $668.95 should be applied as a payment upon the mortgage note, and in reduction of the amount of the conditional judgment; and asked the judge to instruct the jury that, if they should find that the demandant brought a suit against Holcomb on the note secured by the mortgage sued on in this action, and that Holcomb paid the demandant $668.95 on the note, which payment was not indorsed thereon, and that nothing was said by the demandant and Holcomb as to whether the same should or should not be so indorsed, then such payment must in this action be treated as payment, and be applied to reduce the amount for which conditional judgment was to be entered, although the jury should also find that it was agreed between the demandant and Holcomb, at the time of such payment, that the demandant should refund to Holcomb the amount of such payment, if he recovered the full amount of the note in his foreclosure of the mortgage.

The demandant contended that whether or not the payment by Holcomb to the demandant should apply on the note, depended upon the intentions of the parties at the time the payment was made; and that their intent was a question of fact, which should be submitted to the jury upon the whole evidence; and asked the judge to so instruct the jury.

The judge declined to give the instructions requested by the demandant, and refused to submit the question of intent to the jury; and ruled that, as matter of law, the $668.95 was

a payment upon the note, and that the conditional judgment must be made up by deducting that sum from the amount of the note. The demandant alleged exceptions.

*H. C. Joyner*, for the demandant.

*J. Dewey*, for the tenant.

GRAY, C. J. The testimony of the demandant, that the mortgagor settled the suit brought against him on the mortgage note, by paying on the note the sum in question, must be taken in connection with his further testimony that this sum was not indorsed, nor any agreement made as to its being indorsed, upon the note, and that the payment was made with the understanding and agreement that the demandant should bring an action upon the mortgage, and, if he collected the full amount of the note from the mortgage security, pay back the sum in question to the mortgagor.

Upon the whole testimony, it was a question of fact, depending upon the intention of the parties to the transaction, whether the sum was paid in satisfaction and discharge of so much of the note, and to take immediate effect as such payment; or was merely advanced to and deposited with the demandant by way of security, and to be applied in payment of the note only in case the whole amount of the debt should not be obtained out of the mortgaged property. The jury having been instructed otherwise, the        *Demandant's exceptions must be sustained.*